United States District Court
Southern District of Texas
**ENTERED**
January 22, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NELIDA VILLEDA CABRIALES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-25-4908 |
| | § | |
| KRISTI NOEM, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Nelida Villeda Cabriales ("Petitioner") brought this action against Kristi Noem, Todd Lyons, Marcos Charles, Bret A. Bradford, Pamela Bondi, and Martin Frink (collectively referred to as "Respondents"), seeking a writ of habeas corpus.[1] Pending before the court are Petitioner's § 2241 Motion and Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative, for Summary Judgment ("Respondents' MSJ") (Docket Entry No. 8). For the reasons explained below, Respondents' MSJ will be granted.

### I. Background

This case concerns the construction and application of two provisions, 8 U.S.C. §§ 1225 and 1226. While § 1225 subjects

---

[1]Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief ("Petitioner's § 2241 Motion"), Docket Entry No. 1, p. 2 ¶ 1. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

"certain aliens seeking admission into the country" to mandatory detention, § 1226 subjects "certain aliens already in the country" to discretionary detention. Jennings v. Rodriguez, 138 S. Ct. 830, 838 (2018). In other words, § 1226 allows the Government to release the alien detained on bond or conditional parole while § 1225 does not.

Before § 2025 the United States Immigration and Customs Enforcement ("ICE") applied § 1225 to aliens who presented themselves for admission at a port of arrival or who had been arrested near the border after attempting to enter the United States without inspection. ICE applied § 1226 to aliens who were already present in the United States when they were arrested, including aliens who had been lawfully admitted and aliens who had evaded detection when crossing the border unlawfully.

On September 5, 2025, the Board of Immigration Appeals ("BIA") issued a comprehensive opinion holding that aliens who were already present in the United States when they were arrested "[were} applicants for admission as defined under [§] 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings" under § 1225(b)(2). Matter of Hurtado, 29 I. & N. 216, 220 (BIA 2025). Now, under ICE policy[2]

---

[2] "In July 2025 the [Department of Homeland Security] issued a notice titled 'Interim Guidance Regarding Detention Authority for Applicants for Admission,'" which adopted § 1225 as the applicable immigration detention authority for all applicants for admission. See Garibay-Robledo v. Noem, No. 1:25-CV-177-H, 2025 U.S. Dist. (continued...)

and Hurtado, aliens like Petitioner who were already present in the United States when they were arrested are detained under § 1225(b)(2) and are not eligible for a bond hearing.

On an unknown date, Petitioner, a citizen of Mexico, entered the United States without inspection.[3] On July 28, 2022, Petitioner filed for a U-visa alleging that she was the victim of a qualifying crime and provided assistance to law enforcement.[4] In August of 2025 Petitioner was taken into immigration custody under § 1225(b)(2) and issued a Notice to Appear.[5] Under Hurtado she is not eligible for a bond hearing and remains in immigration custody.[6]

On October 15, 2025, Petitioner filed Petitioner's § 2241 Motion, arguing that her detention under § 1225(b)(2) is unlawful.[7] On November 6, 2025, Respondents' filed a motion for summary

---

[2](...continued)
LEXIS 231074, at *9 (N.D. Tex. Oct. 24, 2025) (discussing the ICE memo).

[3]Petitioner's § 2241 Motion, Docket Entry No. 1, p. 13 ¶ 34; Notice to Appear, Exhibit 1 to Petitioner's § 2241 Motion, Docket Entry No. 1-1, p. 2.

[4]Petitioner's § 2241 Motion, Docket Entry No. 1, p. 13 ¶ 35; U-visa Receipt, Exhibit 2 to Petitioner's § 2241 Motion, Docket Entry No. 1-2.

[5]Petitioner's § 2241 Motion, Docket Entry No. 1, p. 13 ¶ 36; Notice to Appear, Exhibit 1 to Petitioner's § 2241 Motion, Docket Entry No. 1-1.

[6]Petitioner's § 2241 Motion, Docket Entry No. 1, p. 14 ¶¶ 37-38.

[7]Id. at 14-16.

judgment, arguing that Petitioner is subject to detention under § 1225(b)(2) as a matter of law.[8] Petitioner filed her response on November 11, 2025.[9]

## II. Analysis

Respondents argue that Petitioner's § 2241 Motion must be denied because (1) she failed to exhaust administrative remedies and (2) her detention is legal under § 1225(b)(2).[10] Neither party disputes that the court has jurisdiction over Petitioner's § 2241 Motion.

Because "[n]othing in the record suggests that the BIA would reconsider [the Hurtado] decision, given its recency," Petitioner's "failure to appeal in these circumstances" is not "counted as an impermissible failure to exhaust administrative remedies." Cabanas v. Bondi, Civil Action No. 4:25-cv-04830, 2025 WL 3171331, at *3 (S.D. Tex. Nov. 13, 2025). Therefore, the only issue before the court is whether Petitioner can be legally detained under § 1225(b)(2).

---

[8]Respondents' MSJ, Docket Entry No. 8, p. 7. On November 12, 2025, Warden Martin Frank joined the motion for summary judgment as a respondent (Respondent Warden Martin Frink's Joinder in Federal Respondents' Response to the Petition for Writ of Habeas Corpus [Dkt #8], Docket Entry No. 11).

[9]Petitioner's Response in Opposition to Government's Motion to Dismiss, in the Alternative Motion for Summary Judgment ("Petitioner's Response to Respondents' MSJ"), Docket Entry No. 9.

[10]Respondents' MSJ, Docket Entry No. 8, p. 7.

### A.  Applicability of § 1225(b)(2) or § 1226(a)

The parties dispute whether aliens who are already present in the United States when they are arrested can be legally detained under § 1225(b)(2). In Cabanas, Judge Charles Eskridge succinctly summarized the relevant parts of § 1225:

> Section 1225 governs the inspection, detention, and removal of aliens seeking admission into the United States. Section 1225(a)(1) quite broadly defines which aliens are "applicants for admission," stating with emphasis:
>
>> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission.
>
> Section 1225(b)(2)(A) then prescribes specific detention requirements, stating with emphasis added:
>
>> [A]n alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceedings under section 1229a of this title.

Id. at *4 (first quoting 8 U.S.C. § 1225(a)(1) and then quoting 8 U.S.C. § 1225(b)(2)(A)).

Petitioner argues that she cannot be detained under § 1225(b)(2) because she was arrested while residing in the United States and is thus not "seeking admission".[11] She also

---

[11] Petitioner's § 2241 Motion, Docket Entry No. 1, p. 12 ¶ 31; Petitioner's Response to Respondents' MSJ, Docket Entry No. 9, pp. 18-19.

argues that the text of § 1225(b)(2) cannot be interpreted to apply to aliens who are already present in the United States when they are arrested because it would render the Laken Riley Act, a provision of § 1226(c)(1)(E), superfluous.[12] The arguments urged by Petitioner were convincingly rejected by Judge Eskridge in Cabanas, which held that aliens such as Petitioner who were already present in the United States when they were arrested are subject to mandatory detention under § 1225(b)(2) because they are "applicants for admission." Id. at *4-*6.

In reaching its decision, the court held that the text of § 1225 applies to aliens who are already present in the United States when they are arrested. Id. First, the court held that under § 1225(a)(1), an "applicant for admission" cannot be limited to aliens who have been arrested near the border shortly after attempting to enter the United States and instead must also include aliens who were already present in the United States at the time of their arrest. Id. at *4. The court also found that an "applicant for admission" is "seeking admission" because "there is no material disjunction — by the terms of the statute or the English language — between the concept of applying for something and seeking something." Id. at *4-*5 (quoting Garibay-Robledo, 1:25-cv-00177-H at *8-9) (internal quotation marks omitted).

---

[12]Petitioner's Response to Respondent's MSJ, Docket Entry No. 9, pp. 16-17. The Laken Riley Act subjects aliens to mandatory detention if they are inadmissible and have a criminal record. 8 U.S.C. § 1226(c)(1)(E).

The court explained that its interpretation of § 1225(b)(2) does not render the Laken Riley Act superfluous because the act was passed (1) when prior administrations were detaining individuals such as Petitioner under § 1226 and (2) before ICE adopted § 1225(b)(2) as the default immigration detention authority for all applicants for admission. Id. at *6.

After carefully considering the arguments of the parties and the applicable authorities, the court is persuaded that Cabanas correctly holds that § 1225(b)(2) applies to aliens who were already present in the United States when they were arrested. The court therefore adopts the careful analysis and conclusions of Judge Eskridge in Cabanas.

Because Petitioner is an applicant for admission, her continued detention under § 1225(b)(2) is lawful.

### III. Conclusion and Order

For the reasons explained above, Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative, for Summary Judgment (Docket Entry No. 8) is **GRANTED**. The court will enter a judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 22nd day of January, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE